## 2486.  BATTLE *v.* THE STATE.

1. As to the element of trust, this case is fully controlled by the decision of this court in *Hagood* v. *State,* 5 *Ga. App.* 80 (62 S. E. 641), 6th division of the opinion, and cases there cited; and it does not affirmatively appear that the contentions of the State and the defendant were not fairly and fully submitted to the jury, in the charge of the court, under the allegations of the indictment and the evidence in support thereof.
2. No material error of law was committed by the court in the trial of the case, and the verdict is supported by the evidence.

Indictment for larceny after trust; from Worth superior court —Judge Park.   February 18, 1910.

Submitted March 22,—Decided April 6, 1910.

*Claude Payton, C. E. Hay,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

HILL, C. J.   The plaintiff in error and four other persons were trustees of what was known as Charity Grove School, in the county of Worth.   They employed a teacher, to be paid $20 a month and her board.   There was some delay in getting the money from the county school commissioner to pay the teacher, and the trustees among themselves agreed that they would themselves advance her one month's pay, and also agreed that if they collected the money afterwards from the county school commissioner, they would appropriate the money for the purposes of the school for the next month.   The understanding among themselves was that whichever one of the trustees first saw the county school commissioner should collect the money from him, and that when the money was collected from the county school commissioner it should be paid to the board of trustees, to be used for school purposes.   The plaintiff in error secured from the teacher a receipt for the month's pay of $25, and, with this receipt as a voucher, collected from the county school commissioner the $25.   After he had collected the money from the county school commissioner on this voucher, he refused to pay it over, on demand, to the trustees, to be used for school purposes, and he set up an individual claim

to the entire amount collected.    He was indicted for larceny after trust, the allegations in the indictment, as to the trust, being that he was entrusted with the money by the other four trustees of the Charity Grove School, for the purpose of applying it for the use and benefit of said Charity Grove School, but, after having been so entrusted for the purposes aforesaid, he fraudulently converted the money to his own use.    The foregoing is a condensed statement of the uncontroverted evidence.

It is insisted that there was a variance between the allegations of the indictment and the proof.    We do not think so.    We think the element of trust is fully controlled by the decision of this court in the case of *Hagood* v. *State*, 5 *Ga. App.* 80 (supra), and cit. The money was not entrusted to the defendant by the teacher, for she had been paid by the individual trustees, but he simply secured from her a voucher, to enable him to get the money from the county school commissioner; and the county school commissioner did not entrust him with the money for any purpose; the commissioner simply paid the voucher.    The trust was reposed in him by the other individual trustees; and if these trustees had not individually advanced the money to the teacher, they could not have charged another one of the trustees with larceny after trust with reference to the money, for his possession of the money was by the same authority as theirs would have been; but in this case the facts are that these trustees as individuals advanced the money to the teacher, and had made an agreement among themselves that whichever one of them collected the money from the school commissioner should deliver it to the trustees, to be used for the use and benefit of the school.    The money paid by the county school commissioner to the defendant was justly due to the trustees, to reimburse them for the advance which they had made to pay the teacher's salary, but they had agreed not to reimburse themselves, but to use the money still further for the benefit of the school.    We think that when the defendant collected the money on the check of the school commissioner, immediately upon its receipt a trust relation arose between him and the other trustees who had advanced the money to pay the teacher, and who had agreed that the money, when so collected, should be used for the use and benefit of the school; and if, after collecting the money, the defendant fraudulently converted it to his own use and refused to pay it over to the trustees,

he was guilty of the offense of larceny after trust. He set up a claim of right to the fund which he had collected from the school commissioner. Whether this was a bona fide claim, or one made merely for the purpose of covering up a fraudulent conversion of the money to his own use, was a question of fact to be decided by the jury; and we can not say that their verdict is unsupported by the evidence.

The plaintiff in error contends that the court, in charging the jury, did not fairly present his contentions. No request to charge was made, and as he made no statement and introduced no evidence, it does not appear what were his contentions, except the explanation of his retention of the money which he made to his associates when they made a demand on him for the money. We think the charge of the court, considered as a whole, fairly submitted to the jury not only the contentions of the State as disclosed by the allegations of the indictment and the proof submitted in support thereof, but also submitted fairly all the contentions of the defendant which could legitimately follow his plea of not guilty. No error of law appears to have been committed on the trial, and the evidence seems to support the verdict.

*Judgment affirmed.*